E-FILED
Wednesday, 22 December, 2004  04:48:19 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON PRILLAMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-_____ |
| GAILEY EYE CLINIC, | ) |
| Defendant. | ) Plaintiff Demands Trial By Jury |

CIVIL COMPLAINT AT LAW

NOW COMES the Plaintiff, SHARON PRILLAMAN, by and through her attorney, MARVIN GERSTEIN, and for her Civil Complaint at Law as against the Defendant, GAILEY EYE CLINIC, complains and states as follows:

Parties To This Cause Of Action

1. Plaintiff is SHARON PRILLAMAN, who was born September 29, 1941, and is a citizen of the United States and a resident of Danville, Vermilion County, Illinois.

2. Defendant is GAILEY EYE CLINIC, a private business, with one of its principal places of business being Danville, Vermilion County, Illinois.

3. Defendant, GAILEY EYE CLINIC, at all times herein stated and alleged was an employer within the meaning of 29 U.S.C. §621, et. seq. and 42 U.S.C. §2000e, et. seq. and Plaintiff, SHARON PRILLAMAN, accordingly was an employee of the Defendant.

Jurisdiction And Venue

4. This Honorable Court has jurisdiction of this above-entitled cause of action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, et. seq. pursuant to 28 U.S.C. §1331; pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e, et. seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et. seq., which grants jurisdiction to this Honorable Court.

5.     All preconditions to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have been satisfied. This action properly lies in this Honorable District Court pursuant to 28 U.S.C. §1391(b).

6.     Plaintiff, SHARON PRILLAMAN, has complied with all the administrative prerequisites by filing a timely Charge of Discrimination predicated upon age with the Equal Employment Opportunity Commission, pursuant to transmittal from the Illinois Department of Human Rights.

7.     On September 30, 2004 a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. Attached hereto is copy of said document.

COUNT I

Age Discrimination

8.     That as of on or about March 1, 2001, the Defendant, GAILEY EYE CLINIC, purchased or otherwise took over the operations of the Danville Eye Clinic, for which the Plaintiff, SHARON PRILLAMAN, had been employed since May 22, 1996.

9.     That on or about March 1, 2001, Defendant, GAILEY EYE CLINIC, began a transfer of the bookkeeping responsibilities of the Defendant's Danville, Illinois facility to their Bloomington, Illinois facility with patient accounts still being handled by the Danville, Illinois facility.

10.    Plaintiff, SHARON PRILLAMAN, in her employment with Danville Eye Clinic had been involved in the accounting responsibilities with respect to the Danville Eye Clinic and was fully qualified in that position as of March 1, 2001.

11.     That predicated upon that experience, Defendant, GAILEY EYE CLINIC, began training the Plaintiff, SHARON PRILLAMAN, as to patient accounts and the front desk position, for which she believed she was going to continue her employment with Defendant.

12.     That toward the end of March 2001, Plaintiff, SHARON PRILLAMAN, began assisting regarding patient accounts and began observing the employment duties at the front desk.

13.     During the course of her employment with the Defendant, GAILEY EYE CLINIC, the Plaintiff, SHARON PRILLAMAN, was led to believe she was being trained for the front desk position, including patient accounts.

14.     That the front desk position included patient accounts, which would involve checking in new patients, making sure that the patient account was sent to the doctor and collecting and recording monies paid by that patient and reconcile the day's receipts before forwarding said receipts to the Defendant's, GAILEY EYE CLINIC, Bloomington, Illinois office.

15.     That on or about April 12, 2001, Defendant, GAILEY EYE CLINIC, advised Plaintiff, SHARON PRILLAMAN, that Ambre Todd was to be trained for the front desk position including patient accounts.

16.     Ambre Todd had previously been employed at the Defendant's, GAILEY EYE CLINIC, Danville, Illinois office in the optical department, merely fitting and selling glasses with no bookkeeping responsibilities or experience.

17.     Ambre Todd at the time was in her early 20's.

18.     Ambre Todd was not qualified and without prior experience working with customer service and at the front desk while in the Defendant's, GAILEY EYE CLINIC, optical department.

19.     Plaintiff, SHARON PRILLAMAN, had bookkeeping experience balancing accounts receivables on a monthly basis and obviously could do the same on a daily basis that

was one of the responsibilities of the front desk position, for which Ambre Todd had no experience.

20. Defendant, GAILEY EYE CLINIC, gave the front desk position including patient accounts to Ambre Todd on a permanent basis sometime at the end of April, beginning of May 2001.

21. Defendant, GAILEY EYE CLINIC, gave the front desk position including patient accounts to Ambre Todd on a permanent basis because she was considerably younger than the Plaintiff, SHARON PRILLAMAN, notwithstanding she had no previous experience or qualifications for that position.

22. Defendant, GAILEY EYE CLINIC, gave the front desk position including patient accounts to Ambre Todd on a permanent basis because of the "eye candy" effect.

23. Plaintiff, SHARON PRILLAMAN, was more qualified than Ambre Todd to handle the responsibilities of the front desk position including patient accounts than Ambre Todd in that she had been trained for the front desk position including patient accounts, to which her prior bookkeeping employment experience was made part of that front desk position.

24. Plaintiff, SHARON PRILLAMAN, was denied the front desk position at the Defendant's, GAILEY EYE CLINIC, Danville, Illinois office because of her age.

25. Plaintiff, SHARON PRILLAMAN, was terminated by the Defendant, GAILEY EYE CLINIC, on or about May 22, 2001.

26. Plaintiff, SHARON PRILLAMAN, was within the protected age class within the meaning of the Age Discrimination in Employment Act.

27. Defendant, GAILEY EYE CLINIC, by reason of its action in the employment of the Plaintiff, SHARON PRILLAMAN, intentionally and willfully discriminated against the Plaintiff, SHARON PRILLAMAN, in violation of the Age Discrimination in Employment Act.

WHEREFORE, the Plaintiff, SHARON PRILLAMAN, by and through her attorney, MARVIN GERSTEIN, prays this Honorable Court for such adjudication against the Defendant,

GAILEY EYE CLINIC, a private business, in violating the Age Discrimination in Employment Act in the employment of the Plaintiff, SHARON PRILLAMAN, with adjudication of damages in excess of $100,000.00 to compensate the Plaintiff, SHARON PRILLAMAN, for loss of income and such other employment benefits, plus such additional damages for loss of reputation, humiliation, emotional distress and loss of employment opportunities, as well as future lost wages and benefits along with adjudication of punitive damages, pre-judgment interest, reasonable attorney's fees, court costs and such other relief necessary and just in making the Plaintiff, SHARON PRILLAMAN, whole.

Plaintiff Demands Trial By Jury

DATED:    December 21, 2004         Respectfully submitted,

                                    BY:   s/Marvin Gerstein
                                          Marvin Gerstein Bar Number: 0942162
                                          Attorney for Plaintiff
                                          Marvin Gerstein Attorney at Law
                                          803 South Grove Street
                                          Urbana, Illinois 61801
                                          Telephone: 217/367-8734
                                          Email: MiraG60@aol.com

# CIVIL COVER SHEET

The JS -- 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

## DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND**: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE          SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS — 44
## Authority For Civil Cover Sheet

The JS — 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs — Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a),F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS -- 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS — 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.