IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON PRILLAMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-CV-2290 |
| GAILEY EYE CLINIC, | ) ) ) | |
| Defendant. | ) | |

### PLAINTIFF SHARON PRILLAMAN'S REQUEST TO ADMIT FACTS TO DEFENDANT GAILEY EYE CLINIC

NOW COMES the Plaintiff, SHARON PRILLAMAN, by and through her attorney, MARVIN GERSTEIN, and requests Defendant GAILEY EYE CLINIC to make the following admissions, within 30 days after service of this request, for the purposes of this action only, pursuant to Rule 36 of the Federal Rule of Civil Procedure:

Admit that each of the following facts is true:

1. That Defendant GAILEY EYE CLINIC is a private business.

2. That Defendant GAILEY EYE CLINIC has one of its principle places of business in Danville, Vermillion County, Illinois.

3. That Defendant GAILEY EYE CLINIC, at all times stated in the Plaintiff SHARON PRILLAMAN's complaint, was an employer within the meaning of 29 U.S.C. §621, et. seq.

4. That Defendant GAILEY EYE CLINIC, at all times stated in the Plaintiff SHARON PRILLAMAN's complaint, was an employer within the meaning of 42 U.S.C. §2000, et. seq.

5. That Plaintiff SHARON PRILLAMAN was initially employed by the Danville Eye Clinic on May 22, 1996.

6. That Defendant GAILEY EYE CLINIC purchased or otherwise took over operations of the Danville Eye Clinic on or about March 1, 2001.

7. That on or about March 1, 2001, Defendant GAILEY EYE CLINIC began a transfer of the bookkeeping responsibilities of the Defendant's Danville, Illinois facility to their Bloomington, Illinois facility.

8. That the Defendant GAILEY EYE CLINIC's patient accounts for the Danville, Illinois facility remained with the Danville, Illinois facility.

9. That Plaintiff SHARON PRILLAMAN in her employment with Danville Eye Clinic had been involved in the accounting responsibilities with respect to the Danville Eye Clinic.

10. That Plaintiff SHARON PRILLAMAN was fully qualified for the accounting responsibilities for the Danville Eye Clinic as of March 1, 2001.

11. That predicated on the experience stated in 9 and 10 of this document, Defendant GAILEY EYE CLINIC began training the Plaintiff SHARON PRILLAMAN as to patient accounts and the front desk position.

12. That toward the end of March 2001, Plaintiff SHARON PRILLAMAN began assisting regarding patient accounts.

13. That toward the end of March 2001, Plaintiff SHARON PRILLAMAN began observing the employment duties at the front desk.

14. That the front desk position included patient accounts, which involved checking in new patients, making sure that the patient account was sent to the doctor, collecting and recording monies paid by that patient, and reconciling the day's receipts before forwarding said receipts to the Defendant GAILEY EYE CLINIC's Bloomington, Illinois office.

15. That on or about April 12, 2001, Defendant, GAILEY EYE CLINIC, advised Plaintiff, SHARON PRILLAMAN, that Ambre Todd was to be trained for the front desk position, including patient accounts, in the Defendant's Danville, Illinois facility.

16. That Ambre Todd had previously been employed at the Defendant's, GAILEY EYE CLINIC, Danville, Illinois office in the optical department.

17. That Ambre Todd's duties at the Defendant's, GAILEY EYE CLINIC, Danville, Illinois office were fitting and selling glasses, with no booking responsibilities or experience.

18. That Ambre Todd at the time was in her early 20's.

19. That Ambre Todd was not qualified and without prior experience working with customer service and at the front desk while in Defendant's, GAILEY EYE CLINIC, optical department.

20. That Plaintiff, SHARON PRILLAMAN, had bookkeeping experience balancing accounts receivables on a monthly basis.

21. That Plaintiff, SHARON PRILLAMAN could do the bookkeeping on a daily basis.

22. That Defendant, GAILEY EYE CLINIC, gave the front desk position, including patient accounts, to Ambre Todd on a permanent basis sometime at the end of April, beginning of May 2001.

23. That Plaintiff, SHARON PRILLAMAN, was more qualified than Ambre Todd to handle the responsibilities of the front desk position, including patient accounts, in that she had been trained for the front desk position, including patient accounts, to which her prior booking experience was made part of that front desk position.

24. That Plaintiff, SHARON PRILLAMAN, was terminated by the Defendant, GAILEY EYE CLINIC, on or about May 22, 2001.

25. That Plaintiff, SHARON PRILLAMAN, was within the protected age class within the meaning of the Age Discrimination in Employment Act.

DATED:  February 4, 2005       Respectfully submitted,

BY:  s/Marvin Gerstein
Marvin Gerstein Bar Number:  0942162
Attorney for Plaintiff
Marvin Gerstein Attorney at Law
803 South Grove Street
Urbana, Illinois  61801
Telephone:  217/367-8734
Email:  MiraG60@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON PRILLAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-2290 |
| | ) | |
| GAILEY EYE CLINIC, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a copy of the foregoing Plaintiff Sharon Prillaman's Request to Admit Facts to Defendant Gailey Eye Clinic was served upon the parties named therein by enclosing said document in an envelope addressed to:

Mr. Richard Klaus
Heyl, Royster, Voelker & Allen
102 East Main Street, Suite 300
Post Office Box 129
Urbana, Illinois 61803-0129

with postage fully pre-paid, and by depositing said envelope in the U. S. Mail in Urbana, Illinois, on the 4th day of February, 2005.

Respectfully submitted,

BY: ___s/Marvin Gerstein_____
Marvin Gerstein Bar Number: 0942162
Attorney for Plaintiff
Marvin Gerstein Attorney at Law
803 South Grove Street
Urbana, Illinois 61801
Telephone: 217/367-8734
Email: MiraG60@aol.com