E-FILED
Monday, 10 April, 2006  09:16:49 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON PRILLAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   04-CV-2290 |
| | ) | |
| GAILEY EYE CLINIC, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL

NOW COMES the Plaintiff, SHARON PRILLAMAN, by and through her attorney,

MARVIN GERSTEIN, and for her Motion to Compel compliance with outstanding discovery

pursuant to Fed. R. Civ. P. 34, states as follows:

1.     On October 6, 2005, Plaintiff, SHARON PRILLAMAN, served upon the

Defendant, GAILEY EYE CLINIC, Request to Produce pursuant to Fed. R. Civ. P. 34, copy of

which is attached.

2.     On November 3, 2005, Defendant Gailey Eye Clinic's Response to Second

Request to Produce addressing the Request to Produce set forth in paragraph one of this

motion was provided Plaintiff, SHARON PRILLAMAN, copy of which is attached.

3.     On March 9, 2006, Plaintiff Sharon Prillaman's Reply to Defendant Gailey Eye

Clinic's Response to Plaintiff's Request to Produce was served upon the Defendant, GAILEY

EYE CLINIC, copy of which is attached.

4.     On March 23, 2006, Plaintiff's Reply to Defendant's Response to Second

Request to Produce, Objected to as to Paragraphs 27, 28 and 29 was served upon the

Defendant, GAILEY EYE CLINIC, copy of which is attached.

WHEREFORE, the Plaintiff, SHARON PRILLAMAN, by and through her attorney,

MARVIN GERSTEIN, moves this Honorable Court for such Order of this Honorable Court

compelling the Defendant, GAILEY EYE CLINIC, to produce the documents in issue as regards

the Defendant GAILEY EYE CLINIC's responses to Plaintiff SHARON PRILLAMAN's Request

to Produce pursuant to Fed. R. Civ. P. 34, to which objections have been interposed by the

Defendant, GAILEY EYE CLINIC.

DATED: _____March 27, 2006_____

MARVIN GERSTEIN
Attorney for Plaintiff,
SHARON PRILLAMAN

Marvin Gerstein
Attorney at Law
803 South Grove Street
Urbana, Illinois  61801
217/367-8734

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON PRILLAMAN,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Case No.   04-CV-2290
                                     )
GAILEY EYE CLINIC,                   )
                                     )
        Defendant.                   )

CERTIFICATE OF SERVICE

I, the undersigned, certify that a copy of the foregoing Motion to Compel was served upon the parties named therein by enclosing said document in an envelope addressed to:

Ms. Monica Sholar
Heyl, Royster, Voelker & Allen
102 East Main Street, Suite 300
Post Office Box 129
Urbana, Illinois  61803-0129

with postage fully pre-paid, and by depositing said envelope in the U. S. Mail in Urbana, Illinois, on the _____ day of _____, 2006.

BY:    s/Marvin Gerstein
        Marvin Gerstein Bar Number:  0942162
        Attorney for Plaintiff
        Marvin Gerstein Attorney at Law
        803 South Grove Street
        Urbana, Illinois  61801
        Telephone:  217/367-8734
        Email:  MiraG60@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON PRILLAMAN,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       )        Case No.   04-CV-2290
                                 )
GAILEY EYE CLINIC,               )
                                 )
        Defendant.               )

## REQUEST TO PRODUCE

Defendant, GAILEY EYE CLINIC, is hereby notified, pursuant to the requirements of

Rule 34 of the Federal Rules of Civil Procedure, to produce, within thirty (30) days of receipt of

this request, for inspection, copying, reproduction and photographing, at the offices attorney

MARVIN GERSTEIN, 803 South Grove Street, Urbana, Illinois 61801, the documents

described below. You are specifically notified that you have a duty to seasonably supplement

said responses whenever additional documents, objects or tangible things subsequently come

to your possession or control or become known to you.

PLEASE NOTE that this Request is directed to the knowledge, possession and control

of the Defendant; the claimant, if different, and the Defendant's attorneys or other agents.

IF PRIVILEGE IS CLAIMED for any documents which would otherwise be provided in

response to this Request to Produce, state the basis for the privilege and the identity of the

document for which privilege is claimed.


## DEFINITIONS

IDENTIFY.  The term "identify" as used in this Request means "give the name, age and last

known address of."

INCIDENT.  The term "incident" as used in this Request means employment actions described in the Complaint.

THIS DEFENDANT.  The term "this defendant" as used in this Request is defined as the Gailey Eye Clinic.

DOCUMENTS.  The term "documents" as used in this Request means any item of a tangible nature including, but not limited to, information stored in any computer which can be retrieved.

<u>PLEASE NOTE THAT AMONG THE DOCUMENTS DESCRIBED ABOVE ARE ANY EMAILS SENT TO OR RECEIVED BY ANYONE RELATING TO THE MATTER IN QUESTION.</u>

1.    All statements (whether signed or unsigned, written or recorded) which relate in any way to the incident, the injury or damages claimed, or any other matters alleged in the Complaint, as well as Defendant's Answer to said Complaint.

2.    All notes of interviews or other documents containing facts or opinions, including but not limited to, notes or memoranda of conversations, untranscribed tapes and court reporter notes, of persons having knowledge or information relating in any way to the incident, the injury or damages claimed, or any other matters alleged in the Complaint, as well as Defendant's Answer to said Complaint.

3.    All objects, photographs, audiotapes, videotapes, slides, motion pictures, diagrams, models, samples, drawings, blueprints, documents or other things of a tangible nature relating in any way to the incident, the injury or damages claimed, or any other matters alleged in the Complaint, as well as Defendant's Answer to said Complaint.

4.    Other than communications between counsel and Defendant, all correspondence or other documents sent or received by anyone, including but not limited to, the Defendant, which are in any way related to the incident, the damages claimed or any other matters alleged in the Complaint, as well as Defendant's Answer to said Complaint.

5.    All notes, diaries or other documents prepared by anyone other than Defendant's attorneys pertaining to the incident, the injury or damages claimed, or any other matters alleged in the Complaint, as well as Defendant's Answer to said Complaint.

6.    The Curriculum Vitae of each expert or opinion witness(es) as well as a list of all articles, chapters or other publications authored by the witness, including the name of the publication and the date of publication.

7.    The complete file of the expert or opinion witness relating to this case.

8.    Any documents or other information supplied to each expert or opinion witness related in any way to this litigation.

9.    All documents, including reports, memoranda, drawings, notes, computer generated materials, photographs, diagrams or objects reflecting the investigations, findings, conclusions (preliminary or final) or opinions of all expert or opinion witnesses.

10.    All reports and notes of experts or opinion witnesses, test reports, authorities, books, articles or other documents relied upon by any expert or opinion witness relating to the matters alleged in the Complaint, as well as Defendant's Answer to said Complaint.

11.    The contract, if any, between the opinion or expert witness and the Defendant or Defendant's counsel as it relates to this case.

12.    All contracts, if any, between each opinion witness and any organization (i.e., TASA. etc.) which relates in any way to the witness' provision of expert or opinion testimony in this or any other case.

13.    Copies of all billing records, time records, payments, charges or other documents which in any way indicate the amount of time spent on the case, the amount charged on the case and the amount paid or to be paid on the case with respect to each opinion witness.

14.    A list of all documents relating to the case reviewed by the opinion witness in arriving at his or her opinions.

compensation, uninsured motorist arbitration, court of claims proceedings, social security hearing).

22.     A list of all cases in which the opinion witness was identified as an opinion witness, where such cases involved alleged employment discrimination.

23.     Any and all publications, documents, exhibits or other items of a tangible nature which may or will be used in the examination of any witness, including but not limited to opinion witnesses, in any discovery or evidence deposition, or at trial.

24.     A list of all cases for which the opinion witness has been identified as an expert, including any list prepared in connection with the requirements of federal or state court or any other such list prepared for any other reason.

25.     All income tax records of the Defendant including all schedules and attachments for the five (5) years preceding the date of the incident to the present.

26.     All diaries, calendars or other writings prepared by or on behalf of the Defendant pertaining to the facts alleged in the Complaint, as well as Defendant's Answer to said Complaint.

27.     The personnel files for each of the following named individuals:

    (a)     Janet M. Perigo

    (b)     Barbara (Barb) Clark

    (c)     Ambre M. Todd

    (d)     Tamara (Tammy) S. Schultz

    (e)     Sharon Prillaman

    (f)     Bridget L. Coleen

    (g)     Audrey J. Saffelder

    (h)     Dennis L. Lockhart, MD

28.    For each of the named individuals listed above, state whether the named individual is currently employed by the Defendant and, if not, then provide said individual's last known address, telephone number and place of employment.

29.    List the name, address and telephone number of each witness anticipated to be called by the Defendant at the trial of the above-entitled cause of action, and for each said witness the subject matter of that witness' testimony as it relates to issues raised by the Complaint and Defendant's Answer to said Complaint.

DATED:    October 6, 2005                BY:

MARVIN GERSTEIN
Attorney for Plaintiff,
SHARON PRILLAMAN

Marvin Gerstein
Attorney at Law
803 South Grove Street
Urbana, Illinois 61801
217/367-8734

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON PRILLAMAN,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Case No.   04-CV-2290
                                     )
GAILEY EYE CLINIC,                   )
                                     )
        Defendant.                   )

## CERTIFICATE OF SERVICE FOR DISCOVERY

The undersigned attorney hereby certifies that on the 6th day of October, 2005, he served copies of Request to Produce to the Defendant by depositing same in the U. S. Mail at Urbana, Illinois, with proper postage affixed thereto, to:

Ms. Monica Sholar
Heyl, Royster, Voelker & Allen
102 East Main Street, Suite 300
Post Office Box 129
Urbana, Illinois  61803-0129

Mr. Edward Wagner
Heyl, Royster, Voelker & Allen
102 East Main Street, Suite 300
Post Office Box 129
Urbana, Illinois  61803-0129

As requested by the Federal Court of the Central District of Illinois, the originals of said documents were not filed with the Clerk; this Certificate is hereby filed electronically with the Clerk disclosing that copies were served as stated herein.

BY:   __s/Marvin Gerstein_____
           Marvin Gerstein Bar Number:  0942162
           Attorney for Plaintiff
           Marvin Gerstein Attorney at Law
           803 South Grove Street
           Urbana, Illinois  61801
           Telephone:  217/367-8734
           Email:  MiraG60@aol.com

01328-P4235
MHS/njk
G:\35\P4235\P4235DIA 004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| SHARON PRILLAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 04 CV 2290 |
| | ) | |
| GAILEY EYE CLINIC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT GAILEY EYE CLINIC'S RESPONSE TO
## SECOND REQUEST TO PRODUCE

NOW COMES the Defendant, Gailey Eye Clinic, by its attorneys, HEYL, ROYSTER,

VOELKER & ALLEN, and as and for its Response to the Second Request to Produce

propounded by the Plaintiff, states as follows:

1.  All such documents, exclusive of those subject to attorney-client or work product
    privilege, were previously produced pursuant to Plaintiff's first Request to Produce. No
    other documents fitting this description exist.

2.  All such documents, exclusive of those subject to attorney-client or work product
    privilege, were previously produced pursuant to Plaintiff's first Request to Produce. No
    other documents fitting this description exist.

3.  No such documents or objects exist

4.  All such documents were previously produced pursuant to Plaintiff's first Request to
    Produce. No other documents fitting this description exist. Defendant will supplement
    its answer when appropriate.

5.  All such documents were previously produced pursuant to Plaintiff's first Request to
    Produce. No other documents fitting this description exist. Defendant will supplement
    its answer when appropriate.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

1

6.    No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

7.    No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

8.    No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

9.    No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

10.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

11.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

12.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

13.   Defendant objects to Request to Produce No. 13 on the grounds that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery. Without waiving this objection no such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

14.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

15.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

16.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

17.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

18.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

19.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

20.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

21.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

22.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

23.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

24.   No such documents exist at this time because the Defendant has not determined who, if anyone, will testify on its behalf as an expert or opinion witness. Defendant will supplement its answer when appropriate.

25.   Defendant objects to Request to Produce No. 25 on the ground that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery.

26.   All such documents, excluding writings prepared by Defendant's attorneys and subject to attorney-client and work product privilege, were previously produced pursuant to Plaintiff's first Request to Produce. No other documents fitting this description exist.

27.   (a)   Defendant objects to Request to Produce No. 27(a) on the grounds that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery.

      (b)   Defendant objects to Request to Produce No. 27(b) on the grounds that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

(c)   Defendant objects to Request to Produce No. 27(c) on the grounds that it requests private, sensitive information. However, Defendant is willing to turn over Ambre Todd's entire personnel file pursuant to a mutually agreeable Protective Order entered prior to Plaintiff's receipt of the file.

(d)   Defendant objects to Request to Produce No. 27(d) on the grounds that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery.

(e)   Defendant objects to Request to Produce No. 27(e) on the grounds that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery.

(f)   Defendant objects to Request to Produce No. 27(f) on the grounds that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery.

(g)   Defendant objects to Request to Produce No. 27(g) on the grounds that it requests immaterial, irrelevant information not reasonably calculated to elicit discovery.

(h)   Defendant objects to Request to Produce No. 27(h) on the grounds that it is overbroad and burdensome, on the grounds that it requests private, sensitive information, and on the grounds that it requests irrelevant, immaterial information not reasonably calculated to elicit discovery. Dr. Lockhard's personnel file spans over two decades and contains extensive documents that are in no way relevant to this case. However, if Plaintiff can provide Defendant with a request identifying specifically relevant documents from within the file, Defendant is willing to produce those documents pursuant to a mutually agreeable Protective Order, to be filed and entered prior to Plaintiff's receipt of the documents.

28.   Defendant objects to Request to Produce No. 28 on the grounds that it is not a Request to Produce but rather an Interrogatory. No document containing the requested information exists.

29.   Defendant objects to Request to Produce No. 29 on the grounds that it is not a Request to Produce but rather an Interrogatory. No document containing the requested information exists.

GAILEY EYE CLINIC, Defendant

BY: ████████████████████

Monica H. Sholar
Heyl, Royster, Voelker & Allen

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

## VERIFICATION

Under penalties as provided by law pursuant to applicable Federal Rules, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Barbara A. Clark

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON PRILLAMAN,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Case No.   04-CV-2290
                                     )
GAILEY EYE CLINIC,                   )
                                     )
        Defendant.                   )

## PLAINTIFF SHARON PRILLAMAN'S REPLY TO DEFENDANT GAILEY EYE CLINIC'S RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE

NOW COMES the Plaintiff, SHARON PRILLAMAN, by and through her attorney, MARVIN GERSTEIN, and makes the following response to Defendant GAILEY EYE CLINIC's Response to Second Request to Produce pursuant to Rule 34 of the Federal Rules of Civil Procedure.

1.      Paragraph 13 requests documents which reasonably relate to the contract and amount of time spent on this action by any expert witness procured by the Defendant.  Plaintiff requests that this documentation be made seasonably available when such documents are received by the Defendant.

2.      Paragraph 25 requests documents which reasonably will gauge the recent financial status of the Defendant prior to and after the Defendant's acquisition of the Danville Eye Clinic.  This acquisition is relevant to the timing of the Plaintiff's discharge from the Defendant GAILEY EYE CLINIC's business.

3.      Paragraph 27 and its subparts are relevant to the Plaintiff's cause of action due to the nature of the Plaintiff's dismissal.  The historical handling of personnel within the Defendant's place of business is critical in identifying systematic instances of employee

discrimination, as well as any anomalies within an employee's personnel file which may identify preferential treatment as a result of improper factors, such as age.

(a)    This information is relevant for the reasons stated above.

(b)    This information is relevant for the reasons stated above.

(c)    This information is relevant for the reasons stated above.  However, Plaintiff is willing to receive Ambre Todd's entire personnel file pursuant to a mutually agreeable Protective Order.

(d)    This information is relevant for the reasons stated above.

(e)    This information is relevant for the reasons stated above.

(f)    This information is relevant for the reasons stated above.

(g)    This information is relevant for the reasons stated above.

(h)    This information is relevant for the reasons stated above.  Furthermore, the personnel decisions made by Dr. Lockhard had a direct impact on Plaintiff's employment at GAILEY EYE CLINIC.  Plaintiff specifically requests the entire personnel file for Dr. Lockhard which falls between the dates of March 21, 2001 and July 30, 2001.  Additionally, Plaintiff requests all communication, written, recorded or electronically communicated, to any person or employee which relates:

(i)    To the employment of Plaintiff Sharon Prillaman.

(ii)    To the transfer and training of Ambre Todd within GAILEY EYE CLINIC.

(iii)    To any input given from or to Dr. Lockhard regarding (i) and (ii).

5.    Paragraph 28 is requesting any documentation providing contact information and employment status for the individuals named in Paragraph 27 (a) – (h).  Contact information for employees is routinely kept by employers, and it is reasonable to believe that the Defendant

keeps contact rosters for its employees.  However, a supplemental set of Interrogatories is being filed which requests the same information in Paragraph 28.

6.       Paragraph 29 is seeking documents which will provide the name and contact information for each witness anticipated to be called by the Defendant.  However, a supplemental set of Interrogatories is being filed which requests the same information in Paragraph 29.

7.       As to Defendant GAILEY EYE CLINIC's Response to Second Request to Produce at Paragraph No. 27(c), Plaintiff, SHARON PRILLAMAN, agrees that a Protective Order is acceptable and requests Defendant to prepare same for filing with this Honorable Court.

8.       As to Defendant GAILEY EYE CLINIC's Response to Second Request to Produce at Paragraph No. 27(a), (b) and (d) through (h), Plaintiff, SHARON PRILLAMAN, would also agree to a Protective Order.

DATED: _____March 9, 2006_____          BY:

MARVIN GERSTEIN
Attorney for Plaintiff,
SHARON PRILLAMAN

Marvin Gerstein
Attorney at Law
803 South Grove Street
Urbana, Illinois  61801
217/367-8734

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON PRILLAMAN,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Case No.   04-CV-2290
                                     )
GAILEY EYE CLINIC,                   )
                                     )
        Defendant.                   )

## CERTIFICATE OF SERVICE FOR DISCOVERY

The undersigned attorney hereby certifies that on the 9th day of March, 2006, he served copy of Plaintiff Sharon Prillaman's Reply to Defendant Gailey Eye Clinic's Response to Plaintiff's Request to Produce by depositing same in the U. S. Mail at Urbana, Illinois, with proper postage affixed thereto, to:

        Ms. Monica Sholar
        Heyl, Royster, Voelker & Allen
        102 East Main Street, Suite 300
        Post Office Box 129
        Urbana, Illinois  61803-0129

As requested by the Federal Court of the Central District of Illinois, the original of said document was not filed with the Clerk; this Certificate is hereby filed electronically with the Clerk disclosing that copy was served as stated herein.

BY:    s/Marvin Gerstein
                Marvin Gerstein Bar Number:  0942162
                Attorney for Plaintiff
                Marvin Gerstein Attorney at Law
                803 South Grove Street
                Urbana, Illinois  61801
                Telephone:  217/367-8734
                Email:  MiraG60@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON PRILLAMAN,                          )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )        Case No.   04-CV-2290
                                           )
GAILEY EYE CLINIC,                         )
                                           )
        Defendant.                         )

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SECOND
REQUEST TO PRODUCE, OBJECTED TO AS TO PARAGRAPHS 27, 28 AND 29

        27.    Defendant contends that the requested personnel files for each of the following

individuals are immaterial, irrelevant and not requested to elicit discovery:

        (a)    Janet Perigo

        (b)    Barbara (Barb) Clark

        (d)    Tamara (Tammy) S. Schultz

        (e)    Sharon Prillaman

        (f)    Bridget L. Coleen

        (g)    Audrey J. Saffelder

        (h)    Dennis Lockhart, MD

The Defendant has agreed to turn over documents for individual (c) of the original request,

Ambre M. Todd, for which Plaintiff is still waiting.

        The Defendant's contentions are invalid, however, as the requested information is

necessary to show that the Defendant gave preferential treatment to younger individuals, solely

on the basis of their ages, in violation of the Age Discrimination in Employment Act ("ADEA"), 29

U.S.C. §§ 621 – 633 et. seq. (2005).

In a request for employment files, the Plaintiff must prove that the other employees so chosen for comparison were similarly situated to the Plaintiff, in all respects but age. *See* Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Balderston v. Fairbanks Morse Engine Div. of Coltec Indus., 328 F.3d 309, 319-20 (7th Cir. 2003) (holding that in a request for statistics of employment practices, the statistics must include only the department where the plaintiff worked, and similarly situated employees within that department). In this matter, all the above requested files regarded individuals employed in the same general capacity as the Plaintiff. The requested information is therefore relevant, as it pertains to individuals similarly situated to the Plaintiff during her employment with the Defendant.

The requested information is material to Plaintiff's claim as it will clarify what employees were similarly situated at the time of the Plaintiff's termination, and whether there were any non-discriminatory grounds for her termination. Without the type of information requested here, no claim under the ADEA could be successful, absent an affirmative admission of a discriminatory intent by an employer.

For these reasons, the Defendant's objection to paragraph 27 of the Plaintiff's Second Request to Produce is not well taken.

28.     Defendant contends that the Plaintiff's requests for the employment status, current place of employment, if different from the Defendant, and the contact information of each individual identified above is not a valid request to produce, and is properly an interrogatory. Defendant further contends that the requested information does not exist.

Defendant's contentions are invalid, however, as the employee files requested in paragraph 27 of the Plaintiff's Second Request to Produce must be provided to the Plaintiff, as discussed above. It is absurd to contend that an employer would not keep on file a list of all active employees, as well as their contact information.

For these reasons, the Defendant's objections to paragraph 28 of the Plaintiff's Second Request to Produce are not well taken.

29.    Defendant contends that the Plaintiff's request for the contact information of each witness anticipated to testify, as well as the subject matter of each witness's testimony is not a valid request to produce, and is properly an interrogatory.  Defendant further contends that the requested information does not exist.

Defendant's contentions are invalid, however, as the information requested in paragraph 29 of the Plaintiff's Second Request to Produce must be provided to the Plaintiff, in order to provide the Plaintiff with the necessary means to conduct discovery in the underlying claim.

For these reasons, the Defendant's objections to paragraph 29 of the Plaintiff's Second Request to Produce are not well taken.

DATED: _____ March 23, 2006 _____        BY: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
                                             MARVIN GERSTEIN
                                             Attorney for Plaintiff,
                                             SHARON PRILLAMAN

Marvin Gerstein
Attorney at Law
803 South Grove Street
Urbana, Illinois  61801
217/367-8734

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON PRILLAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   04-CV-2290 |
| | ) | |
| GAILEY EYE CLINIC, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE FOR DISCOVERY

The undersigned attorney hereby certifies that on the 23rd day of March, 2006, he served copy of Plaintiff's Reply to Defendant's Response to Second Request to Produce, Objected to as to Paragraphs 27, 28 and 29 by depositing same in the U. S. Mail at Urbana, Illinois, with proper postage affixed thereto, to:

Ms. Monica Sholar
Heyl, Royster, Voelker & Allen
102 East Main Street, Suite 300
Post Office Box 129
Urbana, Illinois  61803-0129

As requested by the Federal Court of the Central District of Illinois, the original of said document was not filed with the Clerk; this Certificate is hereby filed electronically with the Clerk disclosing that copy was served as stated herein.

BY:    s/Marvin Gerstein
       Marvin Gerstein Bar Number:  0942162
       Attorney for Plaintiff
       Marvin Gerstein Attorney at Law
       803 South Grove Street
       Urbana, Illinois  61801
       Telephone:  217/367-8734
       Email:  MiraG60@aol.com