01328-P4235
MHS/njk
G:\35\P4235\P4235PMI 005

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON PRILLAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 04 CV 2290 |
| | ) | |
| GAILEY EYE CLINIC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH NOTICE OF TAKING DEPOSITIONS

NOW COMES Defendant, GAILEY EYE CLINIC, by its attorneys Edward M. Wagner and Monica H. Sholar of Heyl, Royster, Voelker & Allen, and for its Response to Plaintiff's Motion to Quash Notice of Taking Depositions states as follows:

**I.      Introduction**

Plaintiff's Motion to Quash Notice of Taking Depositions ("Motion to Quash") is based solely on the allegation that Defendants failed to confer with him prior to scheduling the depositions of certain non-party witnesses. As described below, Defendant's attorneys had a good-faith belief that Mr. Gerstein was available on the dates of the subpoenaed depositions, as required by Local Rule 30.1, and provided Mr. Gerstein with sufficient notice of the depositions, as required by Fed. R. Civ. P. 30(b)(1). Plaintiff's counsel created the situation in which he finds himself. Therefore, the noticed depositions are proper and must go forward as scheduled.

**II.     Plaintiff created the situation in which she finds herself, and only recently fully complied with Fed. R. Civ. P. 26(a)(1)(A).**

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

1

The discovery deadline in this matter is May 1, 2006. Defendants have been attempting to obtain a complete list of individuals likely to have discoverable information, along with their contact information and a description of the subject of the information known since February 1, 2006. Plaintiff did not provide all of this information to defendant's attorneys until March 23, 2006.

Plaintiff did not formally provided Fed. R. Civ. P. 26 Initial Disclosures, and defendant requested that plaintiff provide it with the all of the information required by Fed. R. Civ. P. 26(a)(1)(A) in the letter dated February 1, 2006, which is attached hereto and incorporated by reference herein as Exhibit A.

In his February 16, 2006 response to Defendant's request, which is attached hereto as Exhibit B, Mr. Gerstein stated that he believed the following documents met the requirements of Fed. R. Civ. P. 26(a)(1)(A): (1) the IDHR documents which Plaintiff had previously disclosed, and (2) Plaintiff's Answer to Defendant's Interrogatory No. 3, which asked the Plaintiff to "identify each person" known or believed to have knowledge concerning the incident. Plaintiff's Answer to Interrogatory No. 3, which is attached to her Motion to Quash, contained a list of names but did <u>not</u> include any required contact information or a description of each witnesses' knowledge about the case, despite the fact that in defendant's Interrogatories, a request to "identify" an individual specifically includes disclosure of their contact information. Mr. Gerstein's February 16, 2006 letter also indicated that he would contact his client in order to comply and obtain information about additional witnesses that were not previously disclosed.

Defendants still had not received the requested information after three weeks. Mr. Gerstein's March 9, 2006 letter to Defendant's attorneys, which is attached hereto and

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

incorporated by reference as Exhibit C, attempted to explain the delay in fully complying with Fed. R. Civ. P. 26(a)(1)(A), stating that Sharon Prillaman was out of town the previous month.

In its March 20, 2006 letter, attached hereto and incorporated by reference as Exhibit D, defendant's attorneys made another, specific request for contact information and a description of the subject matter of the anticipated testimony with respect to each witness listed in Plaintiff's Answer to Interrogatory No. 3. This letter also requested the deposition of the Plaintiff's husband and son, Terry Prillaman Jr. and Terry Prillaman Sr.

Mr. Gerstein's March 23, 2006 letter, attached hereto and incorporated by reference herein as Exhibit E, <u>finally</u> disclosed the names, addresses, phone numbers, and a description of the subject of information known to each of plaintiff's witness pursuant to Fed. R. Civ. P. 26. The letter contained a number of witnesses <u>not</u> listed in answer to Defendant's Interrogatory No. 3.

Based on the above correspondence, defendant was not fully aware of the identity of all of the individuals who may have discoverable information in this matter until just five weeks before the discovery deadline. In fact, three of the eight scheduled and subpoenaed depositions are depositions of witnesses who were not listed in Plaintiff's Interrogatory Answer No. 3. Therefore, the defendant's attorneys scheduled the subpoenaed depositions as quickly as possible under the circumstances in order to comply with the May 1, 2005 discovery deadline. Why these facts were not included by plaintiff in her Motion to Quash is unexplainable.

**III.** **Defendants had a good-faith belief that Mr. Gerstein was available for the subpoenaed depositions**

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

Local Rule 30.1 states, "In scheduling any deposition, counsel must make a good-faith effort to coordinate with all opposing counsel the scheduling of a time that is mutually convenient to all opposing counsel and parties." In this case, Defendants had a good-faith belief that Mr. Gerstein was available for the April 20th and April 24th subpoenaed depositions.

Defendant's attorneys worked with Mr. Gerstein to set the depositions of Terry Prillaman Jr. and Terry Prillaman Sr., which were originally set for April 24, 2005. As indicated in paragraph 9 of Plaintiff's own Motion to Quash, Nancy Kidd, attorney Monica Sholar's secretary, spoke with Mr. Gerstein on April 4, 2006 in order to reschedule the April 24, 2006 depositions of Terry Prillaman Jr. and Terry Prillaman Sr. due to a conflict with attorney Edward M. Wagner's schedule. The depositions were rescheduled for April 25, 2006. (Affidavit of Nancy J. Kidd, ¶ 5. The Affidavit of Nancy J. Kidd is attached hereto and incorporated by reference herein as Exhibit F).

After speaking with Mr. Gerstein on April 4th, Kidd understood Mr. Gerstein to be generally available for depositions on both April 20, 2006 and April 24, 2006, among other dates. (Exh. F, ¶ 6.) Based on this belief, and anticipating the May 1, 2006 discovery deadline, on the very next day the defendant's attorney attempted to set the depositions of the following witnesses for April 20, 2006 and April 24, 2006:

    a.    Karen Crowder
    b.    Bridget Colleen
    c.    Jan Pergio
    d.    Laurie Brown
    e.    Audry Saffelder
    f.    Cherree Rison
    g.    Betsy Wilson
    h.    Ambre Todd.

(Exh. F, ¶ 7).

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Nancy Kidd called Mr. Gerstein's office on April 5, 2006 in order to notify him of the above-referenced Subpoenas and Notices of Depositions. However, Mr. Gerstein's voicemail message indicated that he would be out of the office on April 5, 2006 and April 6, 2006. The message indicated that the caller should <u>not</u> leave a message, but should instead call Mr. Gerstein after April 6th. (Exh. F., ¶ 8).

Kidd finished preparing the Subpoenas, Notices of Depositions and corresponding letters for the contested depositions on April 6, 2006. In order to comply with the May 1, 2006 discovery deadline, and in order to furnish the deponents and opposing counsel reasonable notice of the depositions in accordance with Fed. R. Civ. P. 45, defendant's attorneys mailed copies of these documents to Mr. Gerstein on April 6th. (Exh. F. ¶ 9). The Subpoenas have already been served on the deponents by a process server.[1]

Based on the above events, defendant's attorneys had a good-faith belief that Mr. Gerstein was available for the subpoenaed depositions of his own witnesses, because he had indicated just one day earlier that he was available for the Prillamans' depositions on those dates. The defendant's attorneys attempted to confer with Mr. Gerstein prior to mailing the Notices of Depositions, but Mr. Gerstein was not in the office, and specifically indicated by voicemail that he was unreachable. Defendants issued the Subpoenas and Notices of Depositions on April 6th in order to comply with the fast-approaching discovery deadline. Again, defendant was under this time constraint because it did not receive full Rule 26 Disclosures from the plaintiff until just prior to the issuance of the subpoenas. It is clear that defendant's attorneys acted in good-faith,

---

[1] Attached hereto and incorporated by reference herein as Exhibit G are the front and back sides of copies of the subpoenas which were returned to the defendant by the process server to indicate that the subpoenas have been served. Only Audry Saffelder's subpoena remains to be served.

5

and attempted to confer with Mr. Gerstein to the extent possible in light of the impending deadline, plaintiff's counsel's own availability and the situation created by plaintiff's counsel.

### IV.     Defendant's attorneys complied with the requirements of Fed. R. Civ. P. 30.

Fed. R. Civ. P. 30(b)(1) states "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. . . ." In this case Defendant mailed the Notices of Depositions to Mr. Gerstein on April 6, 2006 for depositions scheduled on April 20, 2006 and April 24, 2006. Given the fact that the discovery deadline in this matter is May 1, 2006, and the fact that defendant did not have complete Rule 26 Disclosures from plaintiff until March 23, 2006, defendant's attorneys certainly complied with Rule 30 and provided Mr. Gerstein with reasonable notice of the subpoenaed depositions.

### V.     Plaintiff's arguments for quashing the subpoenaed depositions are insufficient.

Paragraphs 2 and 11 of Plaintiff's Motion to Quash allege that neither Edward Wagner nor Monica Sholar discussed the contested depositions with Mr. Gerstein. As described above in Section III, Nancy Kidd, of the defendant's attorneys' law firm, did in fact discuss the disputed dates with Mr. Gerstein just one day prior to setting the depositions. Again, defendant's attorneys believed in good faith that if Mr. Gerstein was available on April 20th and April 24th for the Prillamans' depositions, then he would also be available on those dates for the subpoenaed depositions.

It should be noted that Mr. Gerstein did <u>not</u> contact defendant's attorneys in order to attempt to resolve the dispute over the April 20th and April 24th depositions prior to filing the present Motion to Quash. Although Fed. R. Civ. P. 37 does not specifically cover motions to

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

quash notices of taking depositions, the spirit of the rule indicates that parties must confer before filing discovery-related motions such as the present motion. This is a discovery dispute and the plaintiff's attorney did not call the defendant's attorneys prior to filing this Motion to Quash. This matter should never have been filed except with parties first conferring, all of which would have led to some agreed motion and order, as opposed to this disputed matter..

Furthermore, Mr. Gerstein should have expected to receive Notices of Depositions and copies of Subpoenas for the depositions of witnesses recently disclosed and listed by the plaintiff pursuant to Fed. R. Civ. P. 26. Attorney Monica Sholar has mentioned during telephone conversations with Mr. Gerstein the possibility of deposing witness in addition to Terry Prillaman Jr. and Terry Prillaman Sr., whose depositions are set at a mutually agreeable time and date. Defendant's attorneys would not make repeated and specific requests for the required contact information and a summary of the information held by potential witnesses if they did not intend to ultimately depose those witnesses. (See, Exh. A and D).

Paragraph 4-5 of plaintiff's Motion to Quash states that Mr. Gerstein's schedule is complicated by two upcoming jury trials. However, Mr. Gerstein states that the first trial is set to begin in late June, two months after the depositions, and the second trial is set to begin in mid-July, two and a half months after the depositions. In Paragraph 6 Mr. Gerstein states that he has "several witnesses to interview and prepare. . ." however he does not allege that these interviews must take place on the dates of the scheduled depositions.

Paragraph 7 alleges that plaintiff made defendant aware of the relevant witnesses in her Answer to defendant's Interrogatory No. 3. However, as argued in Section II above, plaintiff failed to provide any contact information for these witnesses. Plaintiff also failed to furnish Defendant with a description of the subject matter of the information known to each potential

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

7

witness as required by Fed. R. Civ. P. 26(A)(1)(a). Furthermore, as stated in Section II, three of the contested depositions involve deponents who were <u>not</u> disclosed at all until March 23, 2006.

Paragraph 9 indicates that at some point between April 4th, when he stated that he was available on April 24th for the Prillamans' depositions, and April 7th, when he most likely received the Notices of Depositions, Mr. Gerstein made some personal plans for April 24th. Defendant's attorneys regret this scheduling conflict but maintain that it acted in accordance with local and federal rules since they possessed a good-faith belief that Mr. Gerstein was available on this date, and provided him with reasonable notice of the depositions, as described in Sections III and IV above.

Paragraph 10 states that Mr. Gerstein scheduled meetings on April 20th. However, there is no allegation that these meetings cannot be rescheduled or that Mr. Gerstein has arranged any of these meetings pursuant to any court order. In fact, the Motion to Quash contains no allegations that Mr. Gerstein has any court-mandated appearances on either April 20th or April 24th.

Again, on April 4th, Mr. Gerstein expressed to Nancy Kidd that he was available on the 20th and 24th. (Exh. E, ¶ 5, 6). Defendant's attorneys mailed copies of the Subpoenas and Notices of Depositions to Mr. Gerstein on April 6th. (Exh. E. ¶ 9). Mr. Gerstein most likely received these documents on April 7th. Therefore, he must have made the plans set forth in paragraphs 9 and 10 of plaintiff's Motion to Quash on April 5th or 6th. However, according to Mr. Gerstein's voicemail message, Mr. Gerstein was unavailable on April 5th and 6th. (Exh. E, ¶ 8). This sequence of events is notable because defendant's attorneys could not have reached Mr. Gerstein during the time period in which he made his personal and professional commitments which purportedly conflict with these deposition.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

8

Paragraph 12 notes that Mr. Gerstein and Ms. Sholar have been working to resolve defendant's objections to certain discovery requests. This assertion is not in any way relevant to the issue in this matter, yet defendant's attorneys have responded to each of plaintiff's requests, and defendant's attorneys anticipate that an amicable resolution will be reached regarding this matter.

Paragraph 14 states that Mr. Gerstein is a solo practitioner and therefore cannot rely on another lawyer to cover the subpoenaed depositions. Defendant's attorneys understand the constraints on Mr. Gerstein's time, but maintain that the depositions were set and the subpoenas issued in good faith, in accordance with local and federal rules, and were necessarily set on short notice due to Plaintiff's own delay in providing full and complete Fed. R. Civ. P. 26(a)(1)(A) disclosures. The situation plaintiff finds herself in was created by plaintiff.

### V. Defendant has no objection to an extension of time.

In her Motion to Quash, Plaintiff requests an extension of the discovery deadline to August 15, 2006. Defendant has no objection to this extension, or to an extension of time to any other date. However, as these witnesses have all[2] been served by subpoena, it is requested that these depositions be allowed to proceed.

WHEREFORE, Defendant GAILEY EYE CLINIC respectfully requests that this Court deny Plaintiff's Motion to Quash Notice of Taking Depositions and allow the April 20, 2006 and April 24th depositions to proceed as scheduled and as subpoenaed. Further, this defendant requests any other relief which this Court deems just and equitable under the circumstances.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

---

[2] The only exception is Audrey Saffelder, whose subpoena has been turned over to the sheriff's office in her home county for service, but who has not yet received the subpoena.

9

GAILEY EYE CLINIC, Defendant

s/ Monica H. Sholar
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: msholar@hrva.com

Under penalties as provided by law pursuant to applicable Federal Rules, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

s/ Monica Sholar

HEYL ROYSTER VOELKER & ALLEN
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Marvin Gerstein
803 South Grove Street
Urbana, IL 61801

                                            s/ Monica H. Sholar
                                            Attorney for Defendant
                                            Heyl, Royster, Voelker & Allen
                                            Suite 300
                                            102 E. Main Street
                                            P.O. Box 129
                                            Urbana, IL 61803-0129
                                            217-344-0060 Phone
                                            217-344-9295 Fax
                                            E-mail: msholar@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060