IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON PRILLAMAN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|       v. ) | Case No.  04-CV-2290 |
| ) | |
| GAILEY EYE CLINIC, ) | |
| ) | |
|    Defendant. ) | |

## REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH NOTICE OF TAKING DEPOSITIONS

NOW COMES the Plaintiff, SHARON PRILLAMAN, by and through her attorney, MARVIN GERSTEIN, and for her Reply to Defendant's Response to Plaintiff's Motion to Quash Notice of Taking Depositions, states as follows:

1. Regarding the taking of the depositions of Terry Prillaman, Sr. and Terry Prillaman, Jr., which were to be rescheduled from April 11, 2006 at 9:30 a.m. at Defendant's counsels' office, it was presumed that the depositions would be in the morning hours as requested by the Plaintiff, SHARON PRILLAMAN, and the anticipated deponents Terry Prillaman, Sr. and Terry Prillaman, Jr.

2. The undersigned attorney already had interviews scheduled for the afternoon of April 20, 2006 in Danville, Illinois and Georgetown, Illinois, and when the date of April 20, 2006 was freed up, the undersigned attorney was able to schedule additional interviews regarding preparation for the *Clark* trial.

3. At no time did Defendant's counsels' secretary indicate that the depositions as set forth by the Notice of Taking Depositions had been scheduled or were working to be scheduled as to my availability.

4.    In fact, Defendant's counsels' secretary indicated that April 24, 2006 was not available because attorney EDWARD WAGNER was not available on that date. It appears that date had already been scheduled for depositions in the above-entitled cause of action, but I was not so advised of same.

5.    Inasmuch as April 24, 2006 was free and inasmuch as in discussions with my brother on the evening of April 5, 2006 indicated Passover Seder with my family was problematic for April 13 or 14, 2006 (the first two days of Passover which began the evening of April 12, 2006) and following calls to my cousin Eileen and my Aunt Caroline, we all agreed we would share this family get-together the afternoon of April 23, 2006 and I would stay over April 24, 2006 because my cousin Eileen was also staying over my brother's house.

6.    It is certainly curious that Defendant's counsels' secretary did not mention that the reason attorney EDWARD WAGNER could not be available with respect to scheduling the depositions of Terry Prillaman, Sr. and Terry Prillaman, Jr. on April 24, 2006 was obviously because the depositions as set forth in the Notice of Taking Depositions had been scheduled, otherwise why could he not be available for the Prillamans' depositions.

7.    Defendant's counsels' secretary Nancy Kidd's Affidavit shows that the Notice of Taking Depositions is faulty as the Proof of Service signed by attorney MONICA SHOLAR was signed on April 4, 2006, but the Notice of Taking Depositions is dated April 5, 2006 and Ms. Kidd's Affidavit indicates the Notice of Taking Depositions was mailed on April 6, 2006.

8.    At no time between April 4, 2006 to this date did either attorney EDWARD WAGNER or attorney MONICA SHOLAR discuss the specific depositions scheduled as a result of the aforesaid Notice of Taking Depositions or their times.

9.    At no time between April 4, 2006 to this date did Defendant's counsels' secretary, Nancy Kidd, discuss the specific depositions scheduled as a result of the aforesaid Notice of Taking Depositions or their times.

10.     Sometime in February 2005, the undersigned attorney hand delivered to attorney RICHARD KLAUS a box of documents from the Illinois Department of Human Rights, which included statements and information by certain witnesses known to the undersigned attorney with respect to the above-entitled cause of action, for which the undersigned attorney was reimbursed $60.00 copying costs on February 15, 2005.

11.     The undersigned attorney assumed that this informally took care of his obligation pursuant to Fed. R. Civ. P. 26(a)(1)(A) as no further mention of same was made by attorney RICHARD KLAUS or objection thereto as to the informal nature of complying with Fed. R. Civ. P. 26(a)(1)(A).

12.     This was further believed as to the undersigned attorney's compliance with Fed. R. Civ. P. 26(a)(1)(A) when on June 6, 2005 Plaintiff SHARON PRILLAMAN's Answers to Interrogatories, propounded by Defendant, were served upon Defendant's counsel.  It should be noted that Interrogatory No. 3 just asked for names of witnesses and did not request addresses, phone numbers or statements regarding anticipated testimony of said witnesses listed.

13.     On September 29, 2005, the deposition of Plaintiff SHARON PRILLAMAN was taken by attorney MONICA SHOLAR, which deposition ran to 155 pages, along with documenting references to Bridget Colleen, Jan Perigo, Ambre Todd, Audrey Saffelder, the cover sheet regarding the documents provided attorney RICHARD KLAUS, along with Answers to Interrogatories served on Defendant's counsel June 5, 2005.

14.     Defendant's counsel had ample opportunity from September 29, 2005 through March 2006 to schedule the depositions of those persons set forth in the Notice of Taking Depositions made known by way of the previously provided discovery from February 2005 through September 29, 2005.

15.    Throughout March and April 2006, to date I have advised Defendant's counsel, specifically attorney MONICA SHOLAR, that I had April, May and June 2006 set aside for trial preparation which included the taking of evidence depositions, discovery depositions, witness preparation, etc., which is made more difficult as the undersigned attorney is a sole practitioner and cannot delegate the trial preparations to associates.  The undersigned attorney is not Heyl, Royster, Voelker & Allen.

16.    The undersigned attorney should not be taken advantage of as a sole practitioner because Defendant's counsel waited until the eleventh hour to take depositions, and especially depositions of their client's employees or former employees.

17.    Finally as to Nancy Kidd's Affidavit, my outgoing message of April 5, 2006 indicated my office was not available for phone messages, but would be available for telephoning and returning of calls on April 6, 2006, yet no call was even made to my office on April 6, 2006.

18.    I understand that attorneys EDWARD WAGNER and MONICA SHOLAR are too busy to be bothered talking to the undersigned attorney about scheduling depositions, and I tried to accommodate their schedules after the Prillamans' depositions agreed to be had on April 11, 2006 had to be rearranged, which I did with the Prillamans, but at no time in discussions with Nancy Kidd did she mention the depositions scheduled by the Notice of Taking Depositions, and at no time did attorney EDWARD WAGNER or MONICA SHOLAR have the courtesy to discuss these depositions with the undersigned attorney personally.

19.    As a sole practitioner, the undersigned attorney has a number of case files that need to be worked on as well as new client appointments in order to earn a living.  The above-entitled cause of action, as well as the *Dannaman* and *Clark* trial preparations, are not the only case files I have to provide legal representation and services.

WHEREFORE, the Plaintiff, SHARON PRILLAMAN, by and through her attorney, MARVIN GERSTEIN, moves this Honorable Court for such Order of this Honorable Court quashing the Notice of Taking Depositions and respectfully requesting the extension of the discovery cut-off deadline date in the above-entitled cause of action to August 15, 2006 so that the Defendant can proceed with the intended depositions in accordance with attorney MARVIN GERSTEIN's schedule and respective opposing counsels' schedules, and for such other relief this Honorable Court deems appropriate.

DATED:     April 15, 2006            BY:     s/Marvin Gerstein
                                             Marvin Gerstein Bar Number: 0942162
                                             Attorney for Plaintiff
                                             Marvin Gerstein Attorney at Law
                                             803 South Grove Street
                                             Urbana, Illinois 61801
                                             Telephone: 217/367-8734
                                             Email: MiraG60@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON PRILLAMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-CV-2290 |
| GAILEY EYE CLINIC, | ) ) ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

I, the undersigned, certify that on April 15, 2006 a copy of the foregoing Reply to Defendant's Response to Plaintiff's Motion to Quash Notice of Taking Depositions was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Monica Sholar
Heyl, Royster, Voelker & Allen
102 East Main Street, Suite 300
Post Office Box 129
Urbana, Illinois 61803-0129

I, the undersigned, certify that on April 17, 2006 a copy of the foregoing Reply to Defendant's Response to Plaintiff's Motion to Quash Notice of Taking Depositions was served upon the parties named herein by enclosing said document in an envelope with postage fully pre-paid, and by depositing said envelope in the U. S. Mail in Urbana, Illinois addressed to:

Ms. Monica Sholar
Heyl, Royster, Voelker & Allen
102 East Main Street, Suite 300
Post Office Box 129
Urbana, Illinois 61803-0129
.

BY:   s/Marvin Gerstein
Marvin Gerstein Bar Number: 0942162
Attorney for Plaintiff
Marvin Gerstein Attorney at Law
803 South Grove Street
Urbana, Illinois 61801
Telephone: 217/367-8734
Email: MiraG60@aol.com